UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CORINNE MYERS,** : | |
| : | Civil Action No. 13-4712 (JMV) |
| **Plaintiff,** : | |
| : | |
| v. : | **OPINION AND ORDER** |
| : | |
| **ATLANTIC HEALTH SYSTEMS, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

**CLARK, Magistrate Judge**

This matter comes before the Court upon a Motion by non-party New Jersey State Nurses Association/Institute for Nursing, Recovery and Monitoring Program ("RAMP) to quash a subpoena served by plaintiff Corrine Myers ("Plaintiff") pursuant to Fed. R. Civ. P. 45(c)(3). RAMP's motion is unopposed.   For the reasons set forth below, RAMP's motion is GRANTED.

**I.     BACKGROUND**

The background of this case was previously set forth in the Court's Order dated February 6, 2014 [Docket Entry No. 13] and shall not be repeated herein.   At present, RAMP seeks to quash a subpoena issued by Plaintiff (the "Subpoena") seeking "[t]he names of all nurses referred to [RAMP] by Atlantic Health Systems, including Morristown Medical Center, Overlook Hospital, Chilton Medical Center, Newton Medical Center, and Goryeb Children's Hospital since January 1, 2011."   [Docket Entry No. 87-6].

RAMP, a non-party to this litigation, is an entity created to assist nurses in obtaining counseling and other forms of help to address chemical dependency issues that impair their ability to perform professionally.   [Docket Entry No. 87-1 at 1-2].   RAMP was created under

the blanket of N.J.S.A. § 45:11-24.10, New Jersey's Alternative to Discipline Program for Nurses.  [Docket Entry No. 87-1 at 2].  N.J.S.A. § 45:11-24.10 provides that "[a]ny information concerning the conduct of a licensee provided to the board pursuant to this act, is confidential and shall not be considered a public or government record . . ."

In its motion, RAMP contends the information sought under the Subpoena is sensitive and confidential, production of which would undermine the efficacy of the program.  [Docket Entry No. 87-1 at 3]. "These records are akin to protected medical records and it is the stigma of having to obtain treatment for impairment that often impedes a nurse seeking such assistance." [*Id.*]  Unlike the documents previously produced by RAMP concerning Plaintiff, no medical release has been provided for any individual whose information may be responsive to the Subpoena.  [Docket Entry No. 87-1 at 4].

## II. DISCUSSION

Fed. R. Civ. P. 45(d)(3)(A) sets forth the circumstances under which a court may quash a subpoena.  A subpoena may be quashed if it fails to allow a reasonable time to comply, requires disclosure of a privileged or other protected matter if no exception or waiver applies, or subjects a person to an undue burden.  Fed. R. Civ. P. 45(d)(3)(A); *see Plastic the Movie Ltd. v. Doe*, No. 15-2446 (JHR/JS), 2015 U.S. Dist. LEXIS 103717, at *2 (D.N.J. Aug. 7, 2015)   The party seeking to quash a subpoena bears the burden of demonstrating that the requirements of Fed. R. Civ. P. 45 are satisfied.  *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 68.38.209.12, C.A.*, No. 14-3945 (MAS/DEA), 2015 U.S. Dist. LEXIS 79005, at *5 (D.N.J. June 18, 2015).

Here, RAMP has met its burden to quash the Subpoena under Fed. R. Civ. P. 45(d)(3)(A), establishing that the information sought by Plaintiff is protected.  Undeniably, the identities and records of those referred to the RAMP program are defined as confidential by New Jersey State

Law. There is no indication that the confidentiality of this information has been waived and Plaintiff has not provided any releases for the targeted individuals. Furthermore, production of these documents would undermine the goal of New Jersey's Alternative to Discipline Program for Nurses—deterring individuals from seeking help for fear of being outed by the program.

Accordingly, RAMP has met its burden to quash the Subpoena.

### III.   CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED. R. CIV. P. 78;

IT IS on this 2nd day of March, 2016,

**ORDERED** that RAMP's Motion to Quash is GRANTED.

[THIS ORDER TERMINATES DOCKET ENTRY NO. 87.]

Dated: March 2, 2016

s/   James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
