Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORINNE MYERS,<br><br>*Plaintiff*,<br><br>v.<br><br>ATLANTIC HEALTH SYSTEMS, *et al*,<br><br>*Defendants*. | Civil Action No. 13-4712<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of a motion for reconsideration filed by Plaintiff Corinne Myers. D.E. 126. Defendants Atlantic Health System ("Atlantic"), Joseph Pasquarosa and Dorothy Zarillo filed a brief in opposition. D.E. 128. The Court reviewed the submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

This case arose after Plaintiff, a nurse, was terminated from her position at Morristown Medical Center ("MMC") due to a suspicion by Defendants that Plaintiff was diverting drugs. MMC is owned by Defendant Atlantic. Plaintiff contends that she was actually terminated in retaliation for whistleblowing activities.

Plaintiff's second amended complaint (the "SAC") asserted claims for (1) perceived disability under the Americans with Disabilities Act and the New Jersey Law Against Discrimination based on allegations that Defendants' perceived Plaintiff to be a drug addict; (2)

wrongful termination under the New Jersey Conscientious Employee Protection Act ("CEPA") due to the alleged whistleblowing activities; and (3) multiple tort claims. D.E. 17. Defendants filed a motion for summary judgment as to all claims in the SAC, which the Court granted in its entirety. D.E. 125. Through this motion, Plaintiff requests that the Court reconsider its decision pertaining to one aspect of the CEPA claim.

## II.  RECONSIDERATION STANDARD

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to reargue or revisit its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

## III.  ANALYSIS

In its summary judgment opinion, the Court concluded that Plaintiff failed to establish a *prima facie* CEPA claim for two separate whistleblowing activities. One activity involved the care of an elderly patient, specifically, whether medical staff provided an appropriate level of care while

2

obtaining a Do Not Resuscitate order ("DNR"). The other involved Plaintiff's refusal to work in the "step-down" unit. Opinion at 11-12, D.E. 124. Plaintiff only seeks reconsideration as to whether she established a *prima facie* claim for the elderly patient incident.

Plaintiff argues that the Court erred in concluding that she failed to satisfy the first element of a *prima facie* claim. Plf's Br. at 2. To satisfy the first element of a *prima facie* case for a CEPA claim "a plaintiff must identify the authority that provides a standard against which the conduct of the defendant may be measured." *Tinio v. Saint Joseph Reg'l Med. Ctr.*, 645 F. App'x 173, 178 (3d Cir. 2016) (quoting *Hitesman v. Bridgeway, Inc.*, 218 N.J. 8, 31 (2014)). A licensed health care professional may satisfy this element by demonstrating that a defendant's conduct or policy "constitutes 'improper quality of patient care', that is, 'violates any law or any rule, regulation or declaratory ruling adopted pursuant to law, or any professional code of ethics.'" *Klein v. Univ. of Med. & Dentistry of N.J.*, 377 N.J. Super. 28, 42 (App. Div. 2005) (citing N.J.S.A. 34:19-3(c)(1), -2(f)). A plaintiff may also satisfy this standard by identifying "a clear mandate of public policy concerning the public health, safety, or welfare." *Hitesman*, 218 N.J. at 33 (citing N.J.S.A. 34:19-3(c)(3)). The public policy "must be clearly identified and firmly grounded." *Id.* at 34 (quoting *Mehlman v. Mobil Oil Corp.*, 153 N.J. 163, 181 (1993)); *see also Tinio*, 645 F. App'x at 178 ("In order for a substantial nexus to exist, the mandate of public policy "cannot be vague" and must "provide[ ] [a] standard by which . . . a deficiency can be ascertained.").

Plaintiff contends that Provision One of the American Nurses Association ("ANA") Code of Ethics, and the related Interpretive Statement 1.4 support her whistleblowing claim. Plf's Br. at 2-3. Plaintiff, however, made the same argument in opposition to Defendants' motion for

3

summary judgment. Plf's SJ Br. at 6-7. Thus, Plaintiff merely reasserts the argument she previously made in the motion for summary judgment. As the Court stated in its summary judgment opinion,

> The ANA Code does not provide any general standards for obtaining a DNR or treating patients while a DNR is obtained, and it does not govern Atlantic's policies as to patient care. Thus, "it provides no standard under which a factfinder could determine whether plaintiff held an objectively reasonable belief that [Atlantic] delivered an 'improper quality of patient care.'"

Opinion at 11 (citing *Hitesman*, 218 N.J. at 37). In her motion for reconsideration, Plaintiff does not assert that the Court overlooked any critical authorities or that it committed a manifest error of law in concluding that the ANA code did not support her CEPA claim. Thus, Plaintiff does not assert a proper basis upon which the Court could reconsider its decision regarding the ANA Code. *See, e.g., In re Hlywiak*, 573 F. Supp. 2d 871, 873 (D.N.J. 2008) ("Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reargument."); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.").

Plaintiff also contends that she properly asserted a clear public policy regarding the State's interest to preserve life, such that she satisfied the first element for a *prima facie* whistleblowing claim. Plf's Br. at 3. In making this same argument in opposition to Defendants' motion for summary judgment, Plaintiff maintained that *In re Quinlan*, 70 N.J. 10 (1976), and *Betancourt v. Trinitas Hosp.*, 415 N.J. Super. 301 (App. Div. 2010), were the source of this public policy. Plf's SJ Br. at 6. The Court determined that

4

> [w]hile *Quilan* and *Betancourt* do generally address patients' right to life neither discusses the parameters of DNR orders. Therefore, neither case is a sufficient expression of a clear public policy regarding procedures for obtaining a DNR or specific aspects of patient treatment. "[M]erely couching complaints in terms of a broad-brush allegation of a threat to patients' safety is insufficient to establish the first prong of a CEPA claim."

Opinion at 12 (citing *Klein*, 377 N.J. Super. at 42). Plaintiff argues that these cases must be read in conjunction with new authorities. Plf's Br. at 3. However, Plaintiff's additional authorities largely address circumstances in which life-sustaining care was stopped. *See, e.g., In re Conroy*, 486 A.2d 1209, 1217 (1985) (addressing who may decide to remove a feeding tube that would likely lead to individual's death in one week and the procedures for making such a decision). The additional cases support the general proposition that there is a public policy regarding the preservation of life, but they fail to provide the Court with any clear parameters as to how medical professionals should obtain DNRs or the care that should be provided when a DNR is obtained. The specific DNR standard is the issue rather than broader and more general policies.[1] Moreover, the cases cited by Plaintiff were not issued after the Court's prior decision and could have been cited and relied on in the motion for summary judgment. Therefore, Plaintiff fails to point the Court to any legal authority that it overlooked such that there is a need to fix a clear error of law. Consequently, Plaintiff fails to meet the standard for reconsideration regarding her CEPA claim and her motion is denied.

---

[1] Plaintiff also contends that the Court "incorrectly analyzed" the allegations in her Complaint and that her concern regarding the elderly patient was in regards to the fact that the patient was not given care while the DNR was obtained. Plf's Br. at 3. Plaintiff did not make this argument in her opposition to Defendants' motion for summary judgment. Plf's SJ Br. at 3, 6-7. The Court finds this claim to be without merit.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown, Plaintiff's motion for reconsideration (D.E. 126) is **DENIED.** An appropriate form of order accompanies this opinion.

Dated: June 30, 2017

_____
John Michael Vazquez, U.S.D.J.